# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | CRIMINAL ACTION |
|---|---|
| v. | |
| JOANNA MASTRONARDO | NO. 12-388 -16 |

DuBois, J.                                                                                              June 17, 2015

## M E M O R A N D U M

**I.     INTRODUCTION**

On August 1, 2012, a federal grand jury in the Eastern District of Pennsylvania charged defendant Joanna Mastronardo with aggravated structuring in violation of 31 U.S.C. § 5324(a)(1) and (d)(2). Presently before the Court is Government's Motion to Dismiss Indictment, which seeks to dismiss the Indictment as to Joanna Mastronardo without prejudice. For the reasons that follow, the government's Motion is granted.

**II.    BACKGROUND**

The Indictment arises from the operation of an illegal gambling business — the Mastronardo Bookmaking Organization ("MBO"). Fifteen of the sixteen named defendants in the Indictment — all except Joanna Mastronardo — were charged with participation in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d), and conducting an illegal gambling business, in violation of 18 U.S.C. § 1955. Joanna Mastronardo was charged with one count of structuring financial transactions to prevent financial institutions from reporting the transactions to the government. Also named in the structuring count were Joanna Mastronardo's son, Joseph F. Mastronardo, and her husband, Joseph Vito Mastronardo, Jr., the alleged leader of the MBO.

Shortly before trial, the government entered into a "global plea agreement" with the fourteen remaining defendants.[1] Pursuant to the global plea agreement, Joseph F. Mastronardo and Joseph Vito Mastronardo, Jr. plead guilty to, *inter alia*, the charge of aggravated structuring of financial transactions.[2] The global plea agreement also included a provision that the government would dismiss the Indictment against Joanna Mastronardo.

The government filed the instant Motion to Dismiss after the Court accepted the guilty pleas of the thirteen remaining defendants. All such defendants have now been sentenced. Joanna Mastronardo does not object to the dismissal of the Indictment against her without prejudice.

## III. LEGAL STANDARD

"The government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). Rule 48(a) vests discretion in the district court to deny a motion to dismiss an indictment. *See Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977). The limits of that discretion are not well established, but "refusal to dismiss is appropriate only in the rarest of cases." *In re Richards*, 213 F.3d 773, 786 (3d Cir. 2000). When a defendant consents to dismissal, a court may deny a government motion to dismiss an indictment only when the

---

[1] Two additional defendants, Michael Squillante and David Rounick, were also charged in Counts One and Two and plead guilty in 2013.

[2] Each defendant who plead guilty pursuant to the global plea agreement — all of the remaining defendants other than Joanna Mastronardo — agreed to the following terms in their individual plea agreements: (1) all defendants charged in Counts One and Two must enter a guilty plea, (2) the sentencing court must accept the guilty pleas of all defendants charged in Counts One and Two, (3) no defendant may seek to withdraw his or her guilty plea, and (4) no defendant may breach the plea agreement. In the event that those conditions of the plea agreements were not met by any defendant, the government, in its sole discretion, had the right to avoid all of its obligations under the global plea agreement. In exchange, the government agreed to move for an additional two-level downward departure from the offense level calculated under the U.S. Sentencing Commission Guidelines.

dismissal is clearly contrary to the public interest. *Id.* at 787. "Courts have equated a dismissal that is clearly contrary to the public interest with one in which the prosecutor appears motivated by bribery, animus towards the victim, or a desire to attend a social event rather than a trial." *Id.* (citing *United States v. Hamm*, 659 F.2d 624, 630 (5th Cir. 1981)). "[T]o honor the purpose of the rule, the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision." *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984) (citing *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982)).

## IV. DISCUSSION

The government has concluded that the dismissal of Joanna Mastronardo is not contrary to the public interest. First, the government argues that the global plea agreement, which provides for the dismissal of the Indictment against Joanna Mastronardo, preserves prosecutorial and judicial resources because thirteen defendants have accepted responsibility for their criminal conduct without the need for lengthy jury trials. Second, the government states that Joanna Mastronardo was the least culpable of the three defendants charged with aggravated structuring. On the issue of culpability, the government asserts (1) that Joanna Mastronardo allegedly structured financial transactions at her husband's direction to hide the illegal profits of the MBO and (2) that, of those indicted for structuring, she knew the least about financial reporting requirements. Third, the government argues that Joanna Mastronardo is the least culpable of any

3

defendant named in the Indictment because she did not participate in the conduct that generated the illicit money.[3]

The Court concludes that the reasons advanced by the government for dismissing the Indictment as to Joanna Mastronardo are not contrary to the public interest. "Where vigorous prosecution of one case threatens to undermine successful prosecution of another, it has traditionally been the prosecutor who determines which case will be pressed to the conclusion, and his decision has been given great deference by the courts." *United States v. Ammidown*, 497 F.2d 615, 621 (D.C. Cir. 1973); *see also United States v. Cowan*, 524 F.2d 504, 514–15 (5th Cir. 1975). Because the government has provided an appropriate explanation for dismissing the Indictment, the Court determines that it would be an abuse of its discretion under Rule 48(a) to deny the government's Motion.

V.   CONCLUSION

For the foregoing reasons, Government's Motion to Dismiss Indictment is granted. An appropriate order follows.

---

[3] Joanna Mastronardo was the only defendant not charged with participation in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d), and conducting an illegal gambling business, in violation of 18 U.S.C. § 1955. Specifically, the Indictment alleges that all defendants, other than Joanna Mastronardo, worked as either bookmakers, agents, office employees, or technical-support staff for the MBO. The MBO was an illegal gambling business that used password-protected websites, toll-free phone numbers, and personal meetings to take bets on a variety of sports. Bettors received a line of credit through their accounts and paid gambling debts on losing bets using cash, check, or wire transfer. The MBO paid winning bets in cash. The Indictment alleges that, at its peak, the MBO had over one thousand bettors and generated millions of dollars of betting activity each year.